**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**

IN RE:

| | |
|---|---|
| **BRIAN D. PATTON and** | **CASE NO. 05-30605** |
| **JENNIFER L. PATTON** | |
| **DEBTORS** | **CHAPTER 7** |
| | |
| **JAMES W. GARDNER, TRUSTEE** | **PLAINTIFF** |
| For the Bankruptcy Estate of Brian D. Patton | |
| and Jennifer L. Patton | |
| **VS.** | **ADVERSARY NO. 05-3037** |
| **CHASE HOME FINANCE, LLC** | **DEFENDANT** |

**MEMORANDUM OPINION**

⎽⎽⎽⎽⎽This matter is before the Court on cross motions for summary judgment filed by the Plaintiff James W. Gardner, Trustee ("Trustee") (Doc. #10) and the Defendant Chase Home Finance, LLC ("Chase") (Doc. #8).  Trustee initiated the subject adversary proceeding seeking to avoid Chase's mortgage in real property owned by the Debtors Brian and Jennifer Patton ("Debtors") in order to recover the property and sell it free and clear of Chase's mortgage for the benefit of the bankruptcy estate.  As grounds for his complaint and motion for summary judgment, Trustee alleges that Chase's mortgage is invalid as to him, a hypothetical bona fide purchaser for value without notice, due to a defective notarial acknowledgment.

⎽⎽⎽⎽⎽Chase disagrees, claiming that the acknowledgment comports with Kentucky law

1

and alternatively, that a lis pendens notice Chase caused to be filed of record in the county where the property is located, and where a foreclosure suit was pending against the Debtors, provides inquiry notice of Chase's prior equitable interest in the property. The parties agree that the facts are not in dispute and that the matter is appropriate for summary disposition.  Upon review of the record and consideration of both parties' positions, including briefs and argument of counsel, the court grants Chase's motion for summary judgment and overrules Trustee's motion for summary judgment.  In so doing, the court relies on its decision in ***Johnson v. The CIT Group/Consumer Finance, Inc., et al. (In re Franklin, no. 05-50953), AP # 05-5110,*** Memorandum Opinion and Order of Summary Judgment entered January 25, 2006.  The court has jurisdiction of this matter pursuant to 28 U.S.C. 1334 (b); it is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(k).

In March, 2002, the Debtors executed a note and mortgage whereby Performance Mortgage was granted an interest in real estate located at 1825 Jonesville Road, KY Hwy. # 36, Owenton, Kentucky.  The Debtors' signatures appear on page 16 of the subject Mortgage and the notarial acknowledgment follows on page 17, providing that "[t]he foregoing instrument was acknowledged before me this March 14, 2002." The names of the Debtors are not contained within the acknowledgment, and there is no certification that the Debtors appeared before the person taking the acknowledgment, that the Debtors acknowledged that they executed the instrument or that the Debtors were known to the person taking the acknowledgment.  Finally, there is no certification that the person taking the acknowledgment had satisfactory evidence that the Debtors were the persons described in and who executed the mortgage.

Performance Mortgage assigned the mortgage to Chase and both mortgage and assignment were lodged for record in the office of the Owen County Clerk on March 20, 2002. The Debtors ultimately failed to make timely payments on the note and Chase filed suit against them to foreclose on the mortgage in the Owen Circuit Court, Civil Action No. 04-CI-00171. Chase filed its Lis Pendens in the Owen County Clerk's Office so as to notify all interested parties of the pending foreclosure action and its interest in the subject real property. The Debtors filed their Chapter 7 Petition in bankruptcy on July 19, 2005, whereupon the Trustee initiated the instant adversary proceeding.

Chase utilizes a substantial number of pages in its Motion for Summary Judgment and Memorandum in Support arguing that its acknowledgment was in accordance with Kentucky law, therefore not rendering the mortgage unrecordable and causing Chase's interest to be inferior to the interest of the Trustee. However, the court agrees with the Trustee that the unpublished decision of the U.S. Court of Appeals for the Sixth Circuit *In re Vance,* 99 Fed.Appx. 25, 2004 WL 771484 (6th Cir. 2004) controls. Citing KRS 423.130, the Sixth Circuit court held that, to be in compliance with Kentucky law, a person taking an acknowledgment shall certify that the person acknowledging appeared before him and acknowledged he executed the instrument and the person acknowledging was known to the person taking the acknowledgment or that the person acknowledging was the person described in and who executed the instrument. *Id.,* at 27. An acknowledgment failing to include such information in the certification fails to "comport with Kentucky law." *Id.* Moreover, in Kentucky, a defective acknowledgment of a mortgage that is recorded cannot provide constructive

notice of a mortgage and cannot provide protection from a bankruptcy trustee's status as a hypothetical bona fide purchaser lacking actual knowledge. *Id.,* 27-28.

But for this court's recent decision in **Johnson v. The CIT Group/Consumer Finance,** supra, the Trustee's motion for summary judgment would be well taken. However, under the analysis set forth in that decision, the court finds, in this case, that Chase's properly executed and recorded lis pendens notice, filed of record prior to the Chapter 7 proceeding, provides constructive notice to subsequent purchasers and creditors, hypothetical and otherwise, including this Trustee, of its own contents and inquiry notice of the prior equitable interest of Chase in the subject property. As the court recognized in **Johnson**, the very purpose of a lis pendens notice in Kentucky is to provide inquiry notice of the claimed interest in the property by the party filing it. **Ben Williamson & co. V. Hall,** 290 Ky. 672, 161 S.W.2d 905 (1942). Accordingly, the Trustee's action to avoid Chase's mortgage and sell the Debtors' real estate for the benefit of the bankruptcy estate must fail.

The court will enter a separate order sustaining Chase's motion for summary judgment and overruling the Trustee's motion for summary judgment.

Copies to:

James W. Garner, Esq.
Brandy F. Baird, Esq.
Kimberly D. Ross, Esq.
Shannon Egan, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Friday, February 24, 2006
(jms)**